UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| ESTELLA MARTINEZ, ROGELIO MARTINEZ, and | § | |
| JAMAL SAIH, Individually, and As Sole Heirs Of The | § | |
| ESTATE OF CLAUDIA MARTINEZ, Deceased, | § | |
| and | § | |
| OLIVIA LONGORIA and ROGELIO LONGORIA | § | Civil Action No.:_____ |
|     Plaintiffs | § | JURY DEMANDED |
| | § | |
| vs | § | |
| | § | |
| WALGREEN COMPANY | § | |
|     Defendant | § | |

**ORIGINAL COMPLAINT**

ESTELLA MARTINEZ, ROGELIO MARTINEZ, and JAMAL SAIH, Individually, and

As Sole Heirs Of The ESTATE OF CLAUDIA MARTINEZ, Deceased, and OLIVIA LONGORIA

and ROGELIO LONGORIA (collectively referred to as "Plaintiffs") complain of

WALGREEN COMPANY ("Walgreens"), and show

**1.    PARTIES**

Walgreen Company ("Walgreens") is an Illinois corporation, doing business in Texas,

which may be served by serving its registered agent for service of process:

    Prentice Hall Corporation System
    211 E. 7th Street, Suite 620
    Austin, TX 78701-3218

    Olivia Longoria and Rogelio Longoria are citizens or permanent residents of Texas.

They reside in Hidalgo County, Texas.

    Claudia Martinez, deceased, died on September 2, 2015 at age 44.  At the time of her death,

she was a citizen or permanent resident of Texas, who resided in Hidalgo County.

Estella Martinez and Rogelio Martinez are Claudia Martinez' biological parents.  They are citizens or permanent residents of Texas, who reside in Hidalgo County.

Jamal Saih was Claudia Martinez's husband of 12-years at the time of her death.  He is a citizen or permanent resident of Texas.  At the time of his wife's death, Mr. Saih resided in Hidalgo County.  He currently resides in Bexar County (San Antonio).

Claudia Martinez died intestate.  She had no children.  There are no debts owed by her estate, and there is no necessity for administration.  Her sole heirs are her parents and her husband, who have standing to bring suit to recover survival damages on behalf of her estate.

**2.**    **JURISDICTION**

This Court has personal jurisdiction over Walgreens because it does business in Texas, and committed a tort in Texas.  This Court has diversity jurisdiction over these claims because the action is between citizens of a state (Texas) and a citizen of another state (Illinois), and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.  28 U.S.C. §1332 (a)(1).

**3.**    **VENUE**

The occurrences made the subject of this suit occurred in the Southern District of Texas.  Venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in the Southern District of Texas.  28 U.S.C. §1391 (a)(2).  In addition, Walgreens is a corporation deemed to reside in the Southern District of Texas because it is subject to personal jurisdiction in the Southern District of Texas. 28 U.S.C. §1391 ( c).

4.    **FACTS**

On September 1, 2015, Olivia Longoria was driving a VW Passat west on Trenton Road in McAllen, Texas.  Her passenger was her husband, Rogelio Longoria.

Elias Gamboa Mesa ("Mr. Gamboa") was driving a Lincoln Town Car west on Trenton Road, and was behind the Longorias.  Mr. Gamboa rear-ended the Longorias, seriously injuring them.

After rear-ending the Longorias, Mr. Gamboa failed to stop, and continued west on Trenton, weaving in and out of traffic.  As he neared the intersection of Trenton and N. 2nd Street, Mr. Gamboa crossed the center turning lane on Trenton, and entered the inside (left) east bound lane of traffic.

Claudia Martinez was driving a Plymouth Voyager east on Trenton in the inside (left) lane. She had just crossed the intersection of Trenton and N. 2nd Street, when Mr. Gamboa struck her vehicle head-on.  Mrs. Martinez was fatally injured in the collision, and died the next day.

After colliding with Mrs. Martinez, Mr. Gamboa continued forward into the intersection of Trenton and N. 2nd Street where he struck three (3) other vehicles.  Mr. Gamboa's vehicle burst into flames.  He was fatally injured, and died the next day.

At the time of the incident, Mr. Gamboa was driving his vehicle while impaired by medication that was prescribed for another patient, but which a Walgreens pharmacy at 7301 N. 10th Street in McAllen, Texas had negligently dispensed to him on August 17, 2015.

5.    **NEGLIGENCE OF WALGREENS**

Walgreens was a health care provider, which had a duty to dispense medication only to the person to whom it was prescribed. Walgreens breached its duty by negligently dispensing medication to Mr. Gamboa that was prescribed for another patient.  Mr. Gamboa's impaired driving (which resulted in his death and plaintiffs' damages) was actually and proximately caused by the

negligence and gross negligence of Walgreens in one or more of the following acts or omissions:

- Failing to hire, train, and supervise competent employees;

- Dispensing medication to Mr. Gamboa that was prescribed for another patient;

- Failing to ask for Mr. Gamboa's name, date of birth, and address, to insure that he was not given someone else's medication by mistake;

- Failing to confirm that Mr. Gamboa's order was correct and complete before dispensing any medication to him;

- Failing to counsel Mr. Gamboa on the proper use and potential side effects of the medication it dispensed to him;

- Failing to bag and place the other patient's medication in the right place.[1]

## 6. PARALLEL CASE

In a parallel case (No. 17-CV-0026 / S.D. Texas, McAllen Division), Jorge Gamboa, Individually and on Behalf of All Wrongful Death Beneficiaries of Elias Gamboa Meza, has sued Walgreens, alleging that (1) Walgreens negligently dispensed medication to Mr. Gamboa that was prescribed for another patient; (2) Mr. Gamboa's driving was impaired as a result of ingesting the wrong medication, and (3) Mr. Gamboa's impaired driving proximately caused his death.

Plaintiffs filed a motion to intervene in the parallel case on August 7, 2017. However, the Court has not ruled on the motion.

If the Court does not allow plaintiffs to intervene in the parallel case, plaintiffs will be compelled to file a new suit against Walgreens. Plaintiffs fear, however, that Walgreens will contend

---

[1]

Walgreens may have billed Medicare or the other patient's private insurance for the medication the other patient did not receive because it was incorrectly dispensed to Mr. Gamboa.

in the new suit that limitations expired on August 17, 2017 (two-years from the date it dispensed the wrong medication to Mr. Gamboa), and that plaintiffs' motion to intervene in the parallel case did not toll limitations.

Plaintiffs file this suit to toll limitations, and protect themselves.  Plaintiffs will dismiss this case in the event the Court allows them to intervene in the parallel case.

**7.     NOTICE**

Mr. Gamboa's wrongful death claimants previously placed Walgreens on notice pursuant to Tex. Civ. Prac. & Rem. Code § 74.051 and § 74.052 of the medical liability claims which form the basis of their claims (and Intervenors' claims) against Walgreens.

**8.     CLAIMS OF OLIVIA LONGORIA and ROGELIO LONGORIA**

Olivia and Rogelio Longoria sue Walgreens for the following personal injury damages:

- past, present, and future medical bills;

- past, present, and future physical pain and mental anguish;

- past, present, and future physical impairment;

- lost earnings and/or lost earnings capacity;

- exemplary damages as allowed by law.

**9.     CLAIMS OF ESTELLA MARTINEZ and ROGELIO MARTINEZ**

Estella and Rogelio Martinez sue Walgreens for the following damages for the wrongful death of their daughter, Claudia Martinez:

- past, present, and future pecuniary loss;

- past, present, and future loss of companionship and society;

- past, present, and future mental anguish;

- loss of inheritance.

## 10.   CLAIMS OF JAMAL SAIH

Jamal Saih sues Walgreens for the following damages for the wrongful death of his wife, Claudia Martinez:

- past, present, and future pecuniary loss;

- past, present, and future loss of companionship and society;

- past, present, and future mental anguish;

- loss of inheritance;

- exemplary damages as allowed by law.

## 11.   SURVIVAL CLAIMS BY THE ESTATE OF CLAUDIA MARTINEZ

The Estate of Claudia Martinez sues Walgreens for the following survival damages:

- pain and mental anguish experienced by Claudia Martinez before her death, as a result of the occurrence in question;

- Mrs. Martinez' funeral and burial expenses;

- exemplary damages as allowed by law.

## 12.   EXEMPLARY DAMAGES

Walgreens was grossly negligent in dispensing the wrong medication to Mr. Gamboa. Walgreens had actual, subjective awareness of the extreme degree of risk of potential harm to Mr. Gamboa that driving while impaired by the wrong medication would pose. Walgreens nonetheless dispensed the wrong medication to him with conscious indifference to his rights, safety, and welfare, as well as the rights, safety, and welfare of the motoring public who would foreseeably share the public streets with him.

Olivia and Rogelio Longoria, Jamal Saih, and the Estate of Claudia Martinez sue Walgreens for exemplary damages in an amount to be left to the sole province of the jury, to discourage future acts of such nature.[2]

## 13.   PREJUDGEMENT INTEREST

Plaintiffs seek pre-judgment interest on past damages.

## 14.   JURY DEMAND

Plaintiffs demand a jury trial.

### P R A Y E R

WHEREFORE, plaintiffs prays that, on final trial, plaintiffs have:

1.      Judgment against Walgreens for actual damages;

2.      Judgement against Walgreens for exemplary damages as allowed by law;

3.      Pre-judgment interest;

4.      Post-judgment interest;

5.      Costs of suit;

6.      All such other relief, at law or at equity, to which plaintiffs may show themselves to be entitled.

---

[2]
Estella and Rogelio Martinez do not claim exemplary damages because Art. 16, Sec. 26 of the Texas Constitution does not allow a claim for exemplary damages by a decedent's parents.

S/Edward L. Ciccone

_____

Edward L. Ciccone
Attorney In Charge
Tx.SBN 04250550 / S.D.Tx.ID 4641
LAW OFFICE OF EZEQUIEL REYNA, JR. L.L.P.
702 W. Expressway 83; Suite 100
Weslaco, Texas 78596
Phone:  (956)968-9556 Fax:  (956) 969-0492
elciccone@mail.com